MEYER L. KRAFT, trustee, & others *vs.* BOARD OF APPEALS OF LYNNFIELD.

Essex. January 5, 1956. — February 10, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Zoning. Lynnfield.*

A use of a building in a general business district of Lynnfield for the baking and retail sale of doughnuts and other bakery goods on the premises was permissible under provisions of the zoning by-law of the town allowing in that district a "Store for the conduct of a retail business" and a "Drive-in retail establishment serving food," and was not precluded on the ground that the zoning by-law, in also allowing in that district "Any other [similar] retail business or service establishment," expressly excluded "any use specifically listed . . . in a less restricted district" and one of the uses specifically allowed in a commercial district, a less restricted district, was a "Plant for manufacturing of . . . bakery products."

BILL IN EQUITY, filed in the Superior Court on December 3, 1954.

The suit was heard by *Cahill*, J.

*John A. Daly*, for the plaintiff Kraft, trustee.

No argument nor brief for the defendant.

COUNIHAN, J. This is an appeal from a final decree entered in the Superior Court adjudging that a decision of the board of appeals of Lynnfield (hereinafter called the board) was within its jurisdiction, that the decision "should not be and is not annulled," and that no modification of it was required. G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2. There were six plaintiffs in the Superior Court but only one, Meyer L. Kraft, trustee, appealed to this court. The judge made findings which are equivalent to a report of material facts and the evidence is reported. There was no error.

It is conceded by the appellant that the only issue before us is the construction of certain provisions of the zoning

by-laws of Lynnfield (hereinafter called the by-laws) which relate to permitted uses in a general business district and in a commercial district. In a general business district among others the following uses are permitted: "Store for the conduct of a retail business" (§ 2 [d] 2); "Drive-in retail establishment serving food or beverages or dispensing merchandise from inside a building to persons standing outside or seated in their automobiles" (§ 2 [d] 3); and "Any other retail business or service establishment similar to the uses hereinbefore listed in general character and in effect on adjacent property and improvements (but not including any use specifically listed herein in a less restricted district)" (§ 2 [d] 15 b). In a commercial district, among others, the following use is permitted: "Plant for manufacturing of . . . bakery products" (§ 2 [e] 15).

The facts are these. The appellant owns a modern single dwelling house on the westerly side of the Newburyport turnpike in a "Residence B" district. Diagonally opposite on the easterly side of the turnpike is the parcel of land involved in this controversy. It is in a general business district. The owners of the land sought a permit from the building inspector of Lynnfield to erect a building to be used for the baking and retail sale of doughnuts and other bakery goods on the premises. The building inspector on October 18, 1954, refused to issue the permit and the owner appealed to the board. C. 40A, §§ 13, 15. After a hearing on November 9, 1954, about which the appellant makes no complaint, the board by a unanimous vote on November 19, 1954, directed the building inspector to issue the permit upon the following conditions: "1. The building shall not exceed one story in height. 2. The total street floor area shall not exceed 5000 sq. ft. 3. Products manufactured on the premises shall be sold only on the premises and at retail only."

The appellant contends, because of the restriction in § 2 (d) 15 b, that the provisions of § 2 (e) 15 relating to commercial districts should apply and therefore the board has no power to direct the building inspector to issue the

permit. We are of opinion that this contention cannot be sustained. It may be of some importance to note that this appeal is not concerned with a petition for a variance from the terms of the by-laws (c. 40A, § 15) but arises out of an appeal to the board from the denial of the building inspector of a permit to erect a building. C. 40A, §§ 13, 15.

We are of opinion that the building is to be used as a "Store for the conduct of a retail business" or as a "Drive-in retail establishment serving food or beverages or dispensing merchandise from inside a building to persons standing outside or seated in their automobiles" as permitted by § 2 (d) 2 or § 2 (d) 3 of the by-laws. Such a business is not "any other retail business or service establishment" referred to in § 2 (d) 15 b the conduct of which may be restricted by the application of § 2 (e) 15 of the by-laws.

*Decree affirmed.*